## UNITED STATES *v.* THOMSON (No. 496).[1]

SPRUCE LUMBER, HOW MEASURED AND HOW DUTIABLE.

It appearing to be the reasonable custom to estimate lumber by the size of the thin end, it is not permissible, for dutiable purposes, to take the average after a measurement of both the thick and the thin ends; and it further appearing, from a preponderance of the evidence, that when lumber delivered as being $1\frac{7}{8}$ inches in thickness, it is actually measured on the basis of $1\frac{3}{4}$ inches and so settled for, the importation of $1\frac{7}{8}$-inch spruce lumber was properly held dutiable as $1\frac{3}{4}$-inch material.

United States Court of Customs Appeals, May 22, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24024 (T. D. 30969).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

These two cases involve the question of the proper measurement of spruce lumber imported from Canada. It was entered and the entry liquidated as $1\frac{3}{4}$-inch lumber. Subsequently by direction of the Assistant Secretary of the Treasury the entry was reliquidated on the basis of 2 inches, on which reliquidation the importers appealed to the Board of General Appraisers, where the action of the collector in reliquidating was set aside, and a new reliquidation ordered on the basis of $1\frac{3}{4}$ inches.

The question involved is mainly a question of fact. The evidence in the case shows, practically without contradiction, that by the custom of the trade $1\frac{7}{8}$-inch spruce is not recognized as a merchantable denomination, but that when lumber is delivered $1\frac{7}{8}$ inches in thickness, it is actually measured on the basis of $1\frac{3}{4}$ inches and so settled for. This rule of measurement was recognized by the department as early as September 5, 1882 (T. D. 5379), and so far as the record shows, this ruling has been recognized by the Treasury Department since that time.

There was also evidence on the part of the importer which showed that when it is ascertained that a board measures thicker at one end than at the other, the thin end is taken as the true measurement, and there is no dispute about this custom of the trade. To illustrate, if a board is 2 inches or more at one end, and is $1\frac{3}{4}$ inches at the other end, it would be entered as $1\frac{3}{4}$-inch stuff. The testimony by the shippers and by those who had to deal with the lumber tended to show that this lumber was in fact practically all $1\frac{3}{4}$ inch according to this

---

[1] Reported in T. D. 31630 (20 Treas. Dec., 1089).

standard. Much of it ran as high as 1⅞ inches, some boards were found that measured 2 inches or more at the thick end, or as scant as 1¾ inches at the thin end.

The testimony would be very convincing and indeed very conclusive if it stood uncontradicted. The Government, however, produced two Government inspectors who testified that they found the lumber to scale 2 inches in thickness. The testimony shows that they examined but a small portion of the lumber, relatively, and what is more significant is that by their testimony it appears that if they found the lumber running a trifle over 2 inches at one end and scant at the other end they attempted to average the piece and determine that it should measure 2 inches. The answer of one witness is illustrative:

I found the majority of it 2 inches even, some of it running a trifle over 2 inches, and some a trifle less, which would bring the average at 2 inches.

And in response to the question:

Q. You think it's impossible to get the exact thickness in rough lumber?—A. It can be done by taking time to go over every piece at both ends and averaging the thickness. On rough lumber it doesn't run the same.

The other witness for the Government testified:

Q. Suppose you found lumber full 2 inches at one end, did you measure the other end to see if it would run over that or not?—A. As a rule we measure about two-thirds from the end.

Q. You never measure the thin end?—A. We do measure the thin end; yes.

Q. Which controls; thin or thick?—A. Neither one. I generally take the average.

It is manifest that these witnesses ignored the established trade custom, and a custom which appears very reasonable on its face, of estimating the lumber upon the basis of the thin end.

The other testimony offered by the Government was evidence that this lumber was sold as 2-inch lumber. The evidence shows that it is the custom which obtains in the wholesale trade of selling scant 2-inch lumber and billing it as 2-inch lumber, the difference to the wholesaler being made in the price, and by a number of witnesses it was shown that lumber billed at the price at which this was purchased was treated and regarded as settled for on the basis of 1¾ inches. The proof upon this point is very strong and convincing.

The Board of General Appraisers found for the importer upon this branch of the case, and held upon the question of fact that the importer had established his case by a preponderance of the evidence. A careful reading of the same fails to convince us that there was error in this finding.

The decision of the board is *affirmed*.